UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

| | | |
|---|---|---|
| LARRY HAILEY, | : | |
| | : | Civ. No. 20-9759(RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DAVIS ORTIZ, | : | |
| | : | |
| Respondent | : | |

_____:

BUMB, United States District Judge

I.  INTRODUCTION

This matter comes before the Court upon Petitioner Larry Hailey's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., Dkt. No. 1; Petr's Mem. Dkt. No. 1-1); Respondent's Motion to Dismiss (Mot. to Dismiss, Dkt. No. 6; Respt's Mem, Dkt. No. 6-2); and Petitioner's Reply Brief (Dkt. No. 7.) Petitioner also filed a supplemental petition on February 17, 2021. (Dkt. No. 8.)[1]

Petitioner filed his habeas petition in this Court on July 31, 2020, challenging the career offender enhancement to his

---

[1] In his supplemental petition, Petitioner raised a new claim for a reduced sentence under the First Step Act, 18 U.S.C. § 3582(c)(2). Such claims must be brought in the sentencing court. Therefore, pursuant to 28 U.S.C. § 1631, the Court will direct the Clerk to transfer the Supplemental Petition to the United States District Court, Eastern District of Virginia.

sentence based on the Supreme Court's decision in <u>United States v. Mathis</u>, 136 S. Ct. 2243 (2016),[2] and he further argued that he is factually innocent of the charge that he pleaded guilty to because the federal government lacked jurisdiction to prosecute him under the Tenth Amendment. (Pet., Dkt. No. 1.) This Court *sua sponte* dismissed the jurisdictional argument. (Order, Dkt. No. 2.) Petitioner now contends that his sentence is invalid because his prior conviction "for maiming/shooting into a vehicle, does not qualify as a violent felony under the force clause of the career offender statute." (Petr's Mem., Dkt. No. 1-1 at 2.)

In support of his motion to dismiss, Respondent submits that the Court lacks jurisdiction over the habeas petition under § 2241

---

[2] In <u>Mathis</u>, when determining whether a crime is a predicate for application of the Armed Career Criminal Act "ACCA," the Court held that

> application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

<u>Mathis v. United States</u>, 136 S. Ct. 2243, 2257 (2016).

2

because Petitioner's claim cannot proceed through the saving clause of 28 U.S.C. § 2255(e). Respondent also challenges the merits of the claim because Petitioner was sentenced under the advisory sentencing Guidelines.

II. BACKGROUND

On March 3, 2011, an indictment was filed against Petitioner in the United States District Court for the Eastern District of Virginia on two counts: (1) conspiracy to possess marijuana with intent to distribute and to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1); and (2) possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). United States v. Larry Hailey, 4:11-cr-00013-MSD-DEM ("11-cr-13") (E.D. Va.) (Indictment, Dkt. No. 1).[3] On June 21, 2011, Petitioner pleaded guilty to Count II of the Indictment for possession of cocaine base. Hailey, 11-cr-13 (E.D. Va.) (Plea Agreement and Statement of Facts, Dkt. Nos. 10-11.) Petitioner stipulated that the cocaine base was his and was intended for redistribution. Id. (Statement of Facts, Dkt. No. 11, ¶ 2.) Per the Plea Agreement, Petitioner understood that (1) the cocaine possession charge carried a maximum penalty of 20 years; and (2) the sentencing court would exercise its own discretion to impose a sentence following review of the advisory Guidelines. Id. (Dkt. No. 10, ¶¶ 1, 5.) In

---

[3] Available at www.pacer.gov (last visited May 13, 2021).

return, the United States agreed not to (1) prosecute him for other conduct set forth in the Indictment and Statement of Facts; or (2) seek a sentencing enhancement pursuant to 21 U.S.C. § 856, which would have increased the maximum sentence to 30 years. Hailey, 11-cr-13 (E.D. Va.) (Plea Agreement, Dkt. No. 10, ¶ 9.) Petitioner waived "the right to appeal the conviction and any sentence" or attack his conviction or sentence "on any ground whatsoever[.]" Id. (Dkt. No. 10, ¶ 6.)

Prior to sentencing, Petitioner raised no objection to the Pre-Sentence Report of U.S. Parole and Probation. Id. (Position on Sentencing, Dkt. No. 19.) He acknowledged that he faced an advisory enhancement as a "career offender" pursuant to U.S.S.G. § 4B1.1. Id. He did, however, argue that (1) a sentence based on a "career offender" enhancement was excessive; and (2) the "career offender" enhancement is not based upon empirical studies and thus is arbitrary. Id. The United States argued for a sentence based upon a 155-180 month Guidelines calculation that would include the "career offender" enhancement. Hailey, 11-cr-13 (E.D. Va.) (Position on Sentencing, Dkt. No. 20.) On October 24, 2011, the sentencing court accepted Petitioner's guilty plea and imposed a sentence of 155 months of incarceration. Id. (Judgment, Dkt. No. 22.)

On June 24, 2016, Petitioner filed a "Motion to Correct Sentence under 28 U.S.C. § 2255." (2255 Mot., Dkt. No. 35.)

4

Petitioner argued that he was no longer a career offender in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).[4] Hailey, 11-cr-13 (E.D. Va.) (2255 Mot., Dkt. No. 35.) The sentencing court denied the motion initially and on reconsideration. Id. (Orders, Dkt. Nos. 45, 47.) Petitioner appealed to the Fourth Circuit Court of Appeals, where he also raised the claim that "In Light of Mathis v. United States, Mr. Hailey No Longer Qualifies as a Career Offender because His Predicate Offenses No Longer Qualifies as Crimes of Violence or Controlled Substance Offenses." United States v. Hailey, No. 17-7105 (4th Cir.) (Informal Brief, Dkt. No. 9-1 at 4.) On March 13, 2018, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. Id. (Opinion, Dkt. No. 12). The Supreme Court denied Petitioner's petition for a writ of certiorari. Id. (Order, Dkt. No. 16). On June 18, 2020, Petitioner filed an application with the Fourth Circuit, requesting leave to file a second or successive Section 2255 motion on grounds that Davis v. United States, 139 S. Ct. 2319 (2019) rendered his sentence unconstitutional. In re Hailey, No. 20-311 (4t Cir.)

---

[4] In Johnson, the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(b), is unconstitutionally vague. Later, the Supreme Court held that unlike the residual clause of the ACCA, similar language in the Sentencing Guidelines were not subject to a void for vagueness challenge under Fifth Amendment Due Process Clause. Beckles v. United States, 137 S. Ct. 886(2017).

5

(Pet., Dkt. No. 2). The Fourth Circuit denied his application. In re Hailey, No. 20-311 (4th Cir.) (Order, Dkt. No. 5.)

III. DISCUSSION

A. Standard of Law

Respondent brings a facial attack on the petition under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Generally, in deciding a Rule 12(b)(1) motion, this Court reviews only "'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" Kalick v. United States, 35 F. Supp. 3d 639, 644 (D.N.J. 2014) (quoting Licata v. United States Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994)). Courts, however, may consider publicly filed documents that establish lack of jurisdiction over the claim. See e.g., Spataro v. Hollingsworth, Civ. No. 15-1736, 2016 WL 3951327, at *3 (D.N.J. July 21, 2016), aff'd, 684 F. App'x 117 (3d Cir. 2017); see also, Maliandi v. Montclair State Univ., 845 F.3d 77, 89 n.10 (3d Cir. 2016) (taking judicial notice of public records on appeal). The Court takes judicial notice of the docket in Petitioner's sentencing court and his related appeals and applications to the Fourth Circuit pursuant to Federal Rule of Evidence 201(b)(2).

Petitioner asserts jurisdiction under 28 U.S.C. § 2241 to challenge the legal basis for a career offender enhancement to his sentence under the advisory Guidelines, pursuant to the Supreme

6

Court decision in Mathis. "[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). "[A] federal prisoner may resort to § 2241 only if he can establish that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." Id. (quoting 28 U.S.C. § 2255(e)).

In 1996, Congress added gatekeeping requirements to § 2255, including a limitation on second or successive motions to those based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Bruce, 868 F.3d at 179 (quoting § 2255(h)). New statutory interpretations by the Supreme Court, even if previously unavailable and retroactively applicable on collateral review do not meet § 2255(h)'s requirements. Id. Therefore, the Third Circuit permits a prisoner to bring an actual innocence claim in a § 2241 petition, based on the saving clause in § 2255(e), if the "prisoner had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Bruce, 868 F.3d at 180. A § 2255 motion is not inadequate or ineffective under the saving clause because the petitioner is "unable to meet the gatekeeping requirements . . . for a second § 2255 motion." Spataro v. Hollingsworth, 684 F. App'x 117, 120 (3d Cir. 2017).

7

B. Analysis

Petitioner does not claim he is innocent of cocaine possession but rather challenges his sentence. Even if the savings clause permitted a sentencing challenge based on intervening Supreme Court precedent, Petitioner cannot meet the jurisdictional requirement of having no earlier opportunity to test the legality of his detention. Petitioner unsuccessfully raised this claim in his § 2255 motion, albeit under Johnson rather than Mathis, but he raised his Mathis claim in the Fourth Circuit upon appeal of the denial of his § 2255 motion. The Fourth Circuit had the opportunity to permit Petitioner to file a second 2255 motion based on Mathis but did not. Therefore, § 2255 is not an inadequate and ineffective remedy for Petitioner's claim, and his claim does not fit within the saving clause of § 2255(e).

Furthermore, as Respondent contends, Petitioner was not sentenced under the ACCA as in Mathis, but under the advisory Guidelines, where the sentencing court had discretion to impose a 155-month sentence with a 20-year maximum. "[A]n incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255 because it is not a fundamental defect that inherently results in a complete miscarriage of justice." United States v. Folk, 954 F.3d 597, 604 (3d Cir. 2020). Thus, even if the Court had jurisdiction, Petitioner's claim lacks merit.

IV. CONCLUSION

The Court will grant Respondent's motion to dismiss for lack of subject matter jurisdiction.

An appropriate Order follows.

Date: **May 13, 2021**

                                       s/Renée Marie Bumb
                                       **RENÉE MARIE BUMB**
                                       **United States District Judge**